APPEAL, MJSELECT

# U.S. District Court
# Eastern District of New York (Uniondale)
# CRIMINAL DOCKET FOR CASE #: 9:00-cr-00434-TCP-11
# Internal Use Only

Case title: USA v. Moran, et al                          Date Filed: 04/25/2000

---

Assigned to: Senior Judge Thomas
C. Platt

### Defendant

**Ronnie Lee Eslinger** (11)
*TERMINATED: 05/10/2005*
*also known as*
9:00cr434-11
*TERMINATED: 05/10/2005*

represented by  **Louis M. Freeman**
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, NY 10007
(212) 608-0808
Fax: 212-962-9696
Email: freemefree@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

### Pending Counts

18:1956-7477.F LAUNDERING OF
MONETARY INSTRUMENTS; As to
defendants Moran, Heron, Briane
and Loaiza 18:982 FORFEITURE
ALLEGATION FOR COUNT TWO (2)
(2)

### Disposition

Imprisonment one year, one day
with credit for time served
Supervised release: Three years;
Special Assessment:$100.00

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

### Disposition

None

_____

**Plaintiff**

**USA**                                    represented by    **Joseph Robert Conway**
                                                             United States Attorney's Office,
                                                             EDNY
                                                             Long Island Federal Courthouse
                                                             610 Federal Plaza
                                                             Central Islip, NY 11722-4438
                                                             631-715-7845
                                                             Fax: 631-715-7922
                                                             Email: joseph.conway@usdoj.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2000 | | SEALED DOCUMENT placed in vault. (Mahon, Cinthia) (Entered: 05/01/2000) |
| 04/25/2000 | | ** Added Government Attorney Joseph R. Conway (Mahon, Cinthia) (Entered: 05/01/2000) |
| 04/25/2000 | | Magistrate Pohorelsky has been selected by random selection to handle any matters that may be referred in this case. (Mahon, Cinthia) (Entered: 05/01/2000) |
| 04/27/2000 | | SEALED DOCUMENT placed in vault. (Mahon, Cinthia) (Entered: 05/01/2000) |
| 05/02/2000 | | SEALED DOCUMENT placed in vault (Coleman, Laurie) (Entered: 05/03/2000) |
| 05/02/2000 | 1 | ORDER as to 9:00cr434-01 through 9:00cr434-13, Unsealing Indictment (Signed by Judge Thomas C. Platt, on 5/2/00) c/m (Coleman, Laurie) (Entered: 05/12/2000) |
| 05/02/2000 | 2 | INDICTMENT as to Stephen Moran (1) count(s) 1, 2, Daniel Loaiza (2) count(s) 1, 2, Russell Briante (3) count(s) 1, Anthony Paone (4) count(s) 1, Charles Wood (5) count(s) 1, Elizabeth Fiero (6) count(s) 1, Anthony Del Vecchio (7) count(s) 1, Elizabeth Puente (8) count(s) 1, Karen Heron (9) count(s) 1, 2, Michael Kalinyak (10) count(s) 1, Ronnie Lee Eslinger (11) count(s) 1, 2, Andrus Pearson (12) count(s) 1, 2, Gerardo Viscarra (13) count(s) 1, 2 (Coleman, Laurie) (Entered: 05/12/2000) |
| 05/05/2000 | | SEALED DOCUMENT placed in vault (Coleman, Laurie) (Entered: 05/05/2000) |

| | | |
|---|---|---|
| 05/11/2000 | 22 | Rule 40 Documents as to Ronnie Lee Eslinger received from Central District of California (Coleman, Laurie) (Entered: 05/23/2000) |
| 05/11/2000 | | **Location LC as to Ronnie Lee Eslinger (Coleman, Laurie) (Entered: 05/23/2000) |
| 06/02/2000 | | Status conference as to Stephen Moran, Daniel Loaiza, Russell Briante, Anthony Paone, Charles Wood, Elizabeth Fiero, Anthony Del Vecchio, Elizabeth Puente, Karen Heron, Michael Kalinyak, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra held (O'Hara, Karen) (Entered: 06/07/2000) |
| 06/02/2000 | | First Appearance as to Daniel Loaiza, Elizabeth Puente, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra held (O'Hara, Karen) (Entered: 06/07/2000) |
| 06/02/2000 | | District Court Arraignment as to Daniel Loaiza, Elizabeth Puente, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra held Daniel Loaiza (2) count(s) 1, 2, Elizabeth Puente (8) count(s) 1, Ronnie Lee Eslinger (11) count(s) 1, 2, Andrus Pearson (12) count(s) 1, 2, Gerardo Viscarra (13) count(s) 1, 2 (O'Hara, Karen) (Entered: 06/07/2000) |
| 06/02/2000 | 37 | CALENDAR ENTRY as to Stephen Moran in custody with counsel Ed Jenks, Daniel Loaiza with counsel, Russell Briante present in custody with counsel Joseph Corozzo, Anthony Paone present on bond with counsel Frank Blangiardo , Charles Wood present on bond with counsel Alan Schwartz, Elizabeth Fiero present on bond with ret. counsel Richard Collins, Anthony Del Vecchio present on bond with counsel Ed Jenks for Steve Zissou, Elizabeth Puente present with counsel, Karen Heron present in custody with ret. counsel Dennis Lemke, Michael Kalinyak present on bond with CJA Richard Lind, Ronnie Lee Eslinger present in custody with counsel, Andrus Pearson present with CJA A, Kathleen Tomlinson, Gerardo Viscarra present in custody without counsel ; Case called before Judge Thomas C. Platt on date of 6/2/00 at 2:00 pm for Criminal cause for conference. For Govt. AUSA J. Conway. Conference held. Defendant's Loaiza, Eslinger, Pearson, Viscarra, and Puente's first appearance, arraigned and plea not guilty to all counts. Case deemed complex by all parties. Bail hearing set for defendant's Briante and Eslinger for 6/12/00 at 1:30 pm. Court Reporter/ESR Ron Tolkin, Not Guilty: Daniel Loaiza (2) count(s) 1, 2, Elizabeth Puente (8) count(s) 1, Ronnie Lee Eslinger (11) count(s) 1, 2, Andrus Pearson (12) count(s) 1, 2, Gerardo Viscarra (13) count(s) 1, 2 , set status conference for 7/28/00 for Stephen Moran, for Daniel Loaiza, for Russell Briante, for Anthony Paone, for Charles Wood, for Elizabeth Fiero, for Anthony Del Vecchio, for Elizabeth Puente, for Karen Heron, for Michael Kalinyak, for Ronnie Lee Eslinger, for Andrus Pearson, for Gerardo Viscarra |

| | | |
|---|---|---|
| | | before Judge Thomas C. Platt (O'Hara, Karen) (Entered: 06/07/2000) |
| 06/02/2000 | ◑ | Attorney update in case as to Ronnie Lee Eslinger. Attorney Louis M. Freeman for Ronnie Lee Eslinger added. Mr. Freeman first appeared as counsel on 6/12/00. (Barhome, Sydelle) (Entered: 04/26/2005) |
| 06/12/2000 | | Bond hearing as to Daniel Loaiza, Russell Briante, Ronnie Lee Eslinger held (O'Hara, Karen) (Entered: 06/13/2000) |
| 06/12/2000 | 51 | CALENDAR ENTRY as to Daniel Loaiza, Russell Briante, Ronnie Lee Eslinger; Case called before Judge Thomas C. Platt on date of 6/12/00 for Criminal bail hearing. Deft. Briante present in custody with ret. counsel Joseph Corozzo. Deft. Loaiza present with ret counsel James Blatt. Deft. Eslinger present with ret. counsel Lou Freeman. AUSA: J. Conway. Court Reporter/ESR H. Rapaport. Case called. Hearing held. Bail application for defendant Briante is denied by the Court. Defendant Loaiza is to provide the court with a more detailed bail package before the court makes a decision. Bail hearing for defendant Eslinger is adjourned without a date. (O'Hara, Karen) (Entered: 06/13/2000) |
| 07/27/2000 | 67 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before Magistrate Wall on date of 7/27/00 for Criminal cause for bond signing. Case called. Counsel for all sides present. PRB bond executed. Tape # 00-42 (O'Hara, Karen) (Entered: 08/02/2000) |
| 07/27/2000 | 68 | Unsecured BOND entered by Ronnie Lee Eslinger in Amount $ 100,000.00 ( Signed by Magistrate William D. Wall , dated 7/27/00) (O'Hara, Karen) (Entered: 08/02/2000) |
| 07/27/2000 | | Status conference as to Anthony Paone, Charles Wood, Ronnie Lee Eslinger held (O'Hara, Karen) (Entered: 08/07/2000) |
| 07/27/2000 | 69 | CALENDAR ENTRY as to Anthony Paone, Charles Wood, Ronnie Lee Eslinger; Case called before Judge Thomas C. Platt on date of 7/27/00 for Criminal plea. AUSA Joseph Conway. Court Reporter Jennifer Maue. For defendant Paone Frank Blangiardo, for deft. Wood Alan Schwartz, for deft. Eslinger Lou Freeman. Guilty: Anthony Paone (4) count(s) 1, Charles Wood (5) count(s) 1, Ronnie Lee Eslinger (11) count(s) 2 . Defendants sworn. The court finds factual basis for the pleas and accepts them. Cae referred to Probation Department for preparation of presentence report. Probation Officer to contact court with respect to scheduling a sentence date. (O'Hara, Karen) (Entered: 08/07/2000) |
| 09/08/2000 | 93 | NOTICE of service of release of pendency upon IRS on 8/31/00 (Bollbach, Jean) (Entered: 10/20/2000) |
| 09/29/2000 | 94 | NOTICE of service of seizure warrant upon IRS on 9/18/00 (Bollbach, Jean) (Entered: 10/20/2000) |

| 10/03/2000 | 95 | MOTION by USA as to Stephen Moran, Daniel Loaiza, Russell Briante, Anthony Paone, Charles Wood, Elizabeth Fiero, Anthony Del Vecchio, Elizabeth Puente, Karen Heron, Michael Kalinyak, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra to transfer case for trial to the Central District of California (Bollbach, Jean) (Entered: 10/20/2000) |
| 10/20/2000 | | **Terminated deadlines (Bollbach, Jean) (Entered: 10/20/2000) |
| 02/05/2001 | 111 | LETTER dated 1/27/01 from Robert Tarkman to Clerk of the Court RE: Requesting information on purchasing forfeited items from the United States of America. (Valle, Christine) (Entered: 02/08/2001) |
| 03/27/2001 | 118 | CERTIFICATE OF SERVICE Re: Preliminary order of forfeiture served upon Baird Inc. on 1/9/01 (Valle, Christine) (Entered: 04/02/2001) |
| 03/27/2001 | 119 | CERTIFICATE OF SERVICE by USA Re: Preliminary order of forfeiture served upon Northwestern Mutual Life on 1/9/01 (Valle, Christine) (Entered: 04/02/2001) |
| 04/27/2001 | | **Reset last document number to 126 (Fagan, Linda) (Entered: 05/03/2001) |
| 07/17/2001 | 144 | PROCESS RECEIPT AND RETURN - Legal Notice served upon Internal Revenue Service on 1/9/01. Publication of Legal Notice executed as advertised on 2/20/01. (Valle, Christine) (Entered: 07/23/2001) |
| 07/17/2001 | 145 | PROCESS RECEIPT AND RETURN - Preliminary order of forfeiture served upon the Internal Revenue Service on 3/15/01. (Valle, Christine) (Entered: 07/23/2001) |
| 07/20/2001 | 147 | PROCESS RECEIPT AND RETURN - Check held by IRS in the amount of $49,585.38 deposited into Treasure Forfeiture Fund on 3/15/01. (Valle, Christine) (Entered: 07/25/2001) |
| 10/12/2001 | 159 | CALENDAR ENTRY as to Anthony Paone, Gerardo Viscarra, Ronnie Lee Eslinger ; Case called before Senior Judge Thomas C. Platt on date of 10/12/01 at 9:30 a.m. for Sentencing. Only AUSA Burton Ryan present. Court Reporter/ESR Ellen Combs, reset Sentencing for 9:30 12/7/01 for Anthony Paone, for Gerardo Viscarra, for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 10/15/2001) |
| 12/13/2001 | 171 | CALENDAR ENTRY as to Anthony Paone, Charles Wood, Ronnie Lee Eslinger, Gerardo Viscarra ; Case called before Senior Judge Thomas C. Platt on date of 12/7/01 @9:30 for sentencing AUSA Burton Ryan Court Reporter Owen Wicker, Case called Only AUSA Ryan present reset Sentencing for 9:30 1/11/02 for Anthony Paone, for Charles Wood, for Ronnie Lee Eslinger, 9:30 1/4/02 for Gerardo Viscarra before Senior Judge Thomas C. Platt (Barhome, Sydelle) (Entered: 12/14/2001) |

| | | |
|---|---|---|
| 01/11/2002 | 178 | CALENDAR ENTRY as to Stephen Moran, Russell Briante, Anthony Paone, Charles Wood, Anthony Del Vecchio, Karen Heron, Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 1/11/02 at 9:30 am for cause for sentence adjournment. Court Reporter: Paul Lombardi. Only AUSA Burton Ryan present. resetting Sentencing for 9:30 on 3/22/02 for Stephen Moran, Russell Briante, for Anthony Paone, for Charles Wood, for Anthony Del Vecchio, for Karen Heron, for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 01/16/2002) |
| 01/11/2002 | | **Terminated party Gerardo Viscarra (Lopez, Luz) (Entered: 01/17/2002) |
| 03/21/2002 | 196 | CALENDAR ENTRY as to Stephen Moran, Russell Briante, Anthony Paone, Charles Wood, Anthony Del Vecchio, Karen Heron, Ronnie Lee Eslinger ; Case called before Senior Judge Thomas C. Platt on date of 3/21/02 @ 9:30 a.m. for Sentencing. AUSA Joseph Conway and Theodore Robinson present. Court Reporter: Dom Tursi. Sentencing adjourned to 4/22/02 @ 9:30 a.m. (Branciforte, Ralph) (Entered: 03/25/2002) |
| 04/22/2002 | 199 | CALENDAR ENTRY as to Anthony Paone, Anthony Del Vecchio, Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 4.22.02 for Criminal Cause for sentence adjournment. Court Reporter: Perry Auerbach. Only AUSA Joseph Conway present. adjourning Sentencing for 9:30 5/17/02 for Anthony Paone, for Anthony Del Vecchio, for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 04/23/2002) |
| 04/26/2002 | | **Terminated party Karen Heron (Lopez, Luz) (Entered: 05/03/2002) |
| 04/30/2002 | | **Terminated deadlines (Barhome, Sydelle) (Entered: 04/30/2002) |
| 05/03/2002 | | **Terminated party Anthony Del Vecchio (Lopez, Luz) (Entered: 05/14/2002) |
| 05/14/2002 | | **Terminated party Russell Briante (Lopez, Luz) (Entered: 05/17/2002) |
| 05/14/2002 | | **Terminated party Stephen Moran (Lopez, Luz) (Entered: 05/17/2002) |
| 05/17/2002 | 214 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before USDJ Platt on 5.17.02 at 9:30 A.M. Criminal cause for sentence adjournment. No appearances made. Due to a scheduling conflict Judge Platt's calendar is adjourned to the above date consented to and confirmed with all parties prior to May 17, 2002. resetting Sentencing for 9:30 9/27/02 for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: |

| | | 05/22/2002) |
|---|---|---|
| 06/05/2002 | 219 | NOTICE of Criminal Monetary Imposition "to be distributed 100% to US Postal Inspectors (Barhome, Sydelle) (Entered: 06/11/2002) |
| 06/10/2002 | | **Terminated party Anthony Paone (Lopez, Luz) (Entered: 06/13/2002) |
| 09/27/2002 | 240 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 9/27/02 9:30 am. for Criminal cause for sentence adjournment. Only AUSA James Tatum present. Court Reporter: Paul Lombardi. resetting Sentencing for 9:30 10/4/02 for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 10/03/2002) |
| 10/04/2002 | 245 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 10/4/02 9:30 am. for Criminal cause for sentence adjournment. AUSA Leonard Lato present. Court Reporter: Perry Auerbach. Sentencing for 9:30 11/15/02 for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 10/11/2002) |
| 10/04/2002 | | **Terminated party Michael Kalinyak (Lopez, Luz) (Entered: 10/11/2002) |
| 10/15/2002 | 259 | NOTICE of motion for an Order permitting the taking of a deposition of dft STEPHEN MORAN, a federal inmate regarding the unrelated Nassau County Supreme Court action. (Lopez, Luz) Modified on 11/22/2002 (Entered: 11/22/2002) |
| 10/15/2002 | 260 | AFFIRMATION of Paul Linzer is support of [259-1] notice of motion for an Order permitting the taking of a deposition of dft STEPHEN MORAN (Lopez, Luz) (Entered: 11/22/2002) |
| 10/28/2002 | 261 | AFFIRMATION of karl Zamurs in opposition to the [259-1] notice of motion for an Order permitting the taking of a deposition of dft STEPHEN MORAN (Lopez, Luz) (Entered: 11/22/2002) |
| 11/12/2002 | 262 | REPLY AFFIRMATION of Paul Linzer in further support of the [259-1] notice of motion for an Order permitting the taking of a deposition of dft STEPHEN MORAN (Lopez, Luz) (Entered: 11/22/2002) |
| 11/15/2002 | 266 | CALENDAR ENTRY as to Ronnie Lee Eslinger, Elizabeth Puente, Daniel Loaiza; Case called before Senior Judge Thomas C. Platt on date of 11.15.02 at 9:30 am. for Sentence adjournment. Only AUSA Bonnie Klapper present. resetting Sentencing for 9:30 1/24/03 for Daniel Loaiza, for Elizabeth Puente, for Ronnie Lee before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 11/22/2002) |
| 11/21/2002 | 267 | NOTICE of of entry of order dated 11.13.02 (Lopez, Luz) (Entered: 11/27/2002) |

| | | |
|---|---|---|
| 12/02/2002 | 269 | COPY of NOTICE of Motion for protective Order. (Lopez, Luz) (Entered: 12/06/2002) |
| 12/13/2002 | | **Terminated party Elizabeth Fiero (Lopez, Luz) (Entered: 12/17/2002) |
| 01/15/2003 | | **Terminated party Andrus Pearson (Lopez, Luz) (Entered: 01/15/2003) |
| 01/24/2003 | 282 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 1/24/03 at 9:30 am. for Criminal cause for sentence adjournment. AUSA Burton Ryan present. Court Reporter: Owen Wicker. Adjourning Sentencing for 9:30 3/7/03 for Ronnie Lee Eslinger before Senior Judge Thomas C. Platt (Lopez, Luz) (Entered: 01/28/2003) |
| 02/21/2003 | | **Terminated attorney James Blatt for Daniel Loaiza and attorney Robert T. Wolf for Daniel Loaiza (Lopez, Luz) (Entered: 02/26/2003) |
| 03/10/2003 | 293 | CALENDAR ENTRY as to Ronnie Lee Eslinger; Case called before Senior Judge Thomas C. Platt on date of 3.10.03 at 9:30 am. Criminal cause for Sentence adjournment. No appearances. c/r: Owen Wicker. Adjourning Sentencing for 9:30 6/20/03 for Ronnie Lee Eslinger before Senior Judge C. Platt (Lopez, Luz) (Entered: 03/20/2003) |
| 06/20/2003 | 301 | Minute Entry for proceedings held before Thomas C. Platt :Status Conference as to Ronnie Lee Eslinger. Case called before Senior Judge Thomas C. Platt on date of 6/20/03 at 9:30 am. Criminal cause for sentence adjournment. AUSA Burton Ryan present. Court Reporter: Ellen Combs. Sentencing adjourned to 6/20/03 at 9:30 am. (Lopez, Adriana) (Entered: 06/27/2003) |
| 09/19/2003 | 307 | Minute Entry for proceedings held before Thomas C. Platt :Status Conference as to Ronnie Lee Eslinger called before Senior Judge Thomas C. Platt on date of 9/19/03 at 9:30 am. Criminal cause for sentence adjournment. AUSA: Burton Ryan present. Court Reporter: Dom Tursi. Sentencing adjourned to 10/24/03 at 9:30 am. (Lopez, Adriana) (Entered: 10/20/2003) |
| 12/12/2003 | 315 | Minute Entry for proceedings held before Thomas C. Platt :Case called before Senior Judge Thomas C. Platt on date of 12/12/03 at 9:30 am. Criminal cause for sentence adjournment. AUSA: Stephen King present. Court Reporter: Harry Rapaport. Sentencing adjourned to 1/30 /04 at 9:30 am. (Lopez, Adriana) (Entered: 12/24/2003) |
| 01/30/2004 | 324 | Minute Entry for proceedings held before Thomas C. Platt : AUSA Burton Ryan; CR Dom Tursi.Sentencing Conference as to Ronnie Lee Eslinger held on 1/30/2004 @9:30 Sentencing reset for 3/5/2004 09:30 AM before Senior Judge Thomas C. Platt. (Barhome, Sydelle) (Entered: 02/10/2004) |

| | | |
|---|---|---|
| 04/30/2004 | ⊙330 | Minute Entry for proceedings held before Judge Thomas C. Platt :Status Conference as to Charles Wood, Ronnie Lee Eslinger held on 4/30/2004. Criminal cause for sentence adjournment. AUSA: Burton Ryan present. Court Reporter: Paul Lombardi. Sentencing set for 5/28/2004 09:30 AM before Senior Judge Thomas C. Platt. (Lopez, Adriana) (Entered: 05/06/2004) |
| 05/07/2004 | | ***Motions terminated as to Stephen Moran, Daniel Loaiza, Russell Briante, Anthony Paone, Charles Wood, Elizabeth Fiero, Anthony Del Vecchio, Elizabeth Puente, Karen Heron, Michael Kalinyak, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra : PLEAS ENTERED [95] Motion to Change Venue filed by USA, [161] Motion for Bill of Particulars filed by Michael Kalinyak, [184] Motion for Bill of ParticularsMotion to SuppressMotion to Suppress filed by Michael Kalinyak. (O'Hara, Karen) (Entered: 05/07/2004) |
| 05/07/2004 | | ***Motions terminated as to Stephen Moran, Daniel Loaiza, Russell Briante, Anthony Paone, Charles Wood, Elizabeth Fiero, Anthony Del Vecchio, Elizabeth Puente, Karen Heron, Michael Kalinyak, Ronnie Lee Eslinger, Andrus Pearson, Gerardo Viscarra : [95] Motion to Change Venue filed by USA, [161] Motion for Bill of Particulars filed by Michael Kalinyak, [184] Motion for Bill of ParticularsMotion to SuppressMotion to Suppress filed by Michael Kalinyak. GUILTY PLEAS ENTERED (O'Hara, Karen) (Entered: 05/07/2004) |
| 05/28/2004 | ⊙332 | Minute Entry for proceedings held before Judge Thomas C. Platt :Status Conference as to Charles Wood, Ronnie Lee Eslinger held on 5/28/2004. AUSA: D. Jones present Sentencing set for 6/25/2004 09:30 AM before Senior Judge Thomas C. Platt. (Court Reporter P. Lombardi.) (Lopez, Adriana) (Entered: 06/18/2004) |
| 06/08/2004 | ⊙333 | Letter dtd 6/3/04 from AUSA: Joseph Conway to USDJ Platt re: Based on the period between the plea and sentencing, the government respectfully requests that the Court issue an Order directing the USP department to file an updated pre-sentence report. (Lopez, Adriana) (Entered: 06/18/2004) |
| 06/08/2004 | ⊙ | ENDORSED ORDER as to Ronnie Lee Eslinger: Request GRANTED . Signed by Judge Thomas C. Platt on 6/3/04.cm/eod333 (Lopez, Adriana) (Entered: 06/18/2004) |
| 07/23/2004 | ⊙336 | Minute Entry for proceedings held before Thomas C. Platt :Docket Call as to Ronnie Lee Eslinger held on 7/23/2004 at 9:30 a.m. Sentencing set for 9/17/2004 09:30 AM before Senior Judge Thomas C. Platt. (Court Reporter P. Lombardi.) (O'Hara, Karen) (Entered: 07/23/2004) |
| 07/26/2004 | ⊙338 | Certificate of Service by USA re: Legal Notice was published in Los Angeles Daily Journal on June 11, 18 and 25, 2004. (Lopez, Adriana) (Entered: 08/05/2004) |

| 09/17/2004 | 344 | Minute Entry for proceedings held before Judge Thomas C. Platt :Docket Call as to Ronnie Lee Eslinger held on 9/17/2004. Sentencing adjourned to 11/12/04.(Court Reporter D. Tursi.) (Lopez, Adriana) (Entered: 09/24/2004) |
|---|---|---|
| 04/22/2005 | 347 | Minute Entry for proceedings held before Thomas C. Platt :AUSA Burton Ryan Dft Ronnie Lee Eslinger present on bond with retained attorney Lou Freeman. Case called.Sentencing held on 4/22/2005 @9:30am for Ronnie Lee Eslinger (11), Count(s) 2, Imprisonment one year, one day with credit for time served to be followed by three years supervised release. Special conditions of supervised release: Drug Treatment participation. The dft shall surrender 6/21/05 at the institution designated. The Court makes the following recommendation to the Bureau of Prisons: a facility in or near Alabama. Special Assessment:$100.00. The dft is advised of his right to appeal. (Court Reporter Perry Auerbach.) (Barhome, Sydelle) Modified on 4/26/2005 (Barhome, Sydelle). (Entered: 04/26/2005) |
| 04/25/2005 | 348 | JUDGMENT as to Ronnie Lee Eslinger (11), Count(s) 2, Imprisonment one year, one day with credit for time served. The Court recommends a designation to a facility near the dft's family in Alabama. The dft shall surrender for service of sentence before 2pm on 6/21/05. Supervised release: Three years. The dft shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the dft shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability If third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Special Assessment:$100.00. After all appeals are exhausted Count I is dismissed on the motion of the US.. Ordered by Judge Thomas C. Platt on 4/25/05. (Barhome, Sydelle) (Entered: 04/26/2005) |
| 05/10/2005 | | DISMISSAL OF COUNT 1 on Government Motion as to Ronnie Lee Eslinger. (Barhome, Sydelle) (Entered: 05/10/2005) |
| 05/10/2005 | | ***Terminated defendant Ronnie Lee Eslinger, pending deadlines, and motions. (Barhome, Sydelle) (Entered: 05/10/2005) |
| 08/29/2006 | 362 | TRANSFER OF JURISDICTION REQUEST as to Ronnie Lee Eslinger from the Eastern District of New York To of Middle District of Alabama. Awaiting acceptance and signature. Order transferring jurisdiction signed by Judge Thomas C. Platt on 8/29/06. (Barhome, Sydelle) (Entered: 09/20/2006) |
| 08/29/2006 | 363 | Probation Jurisdiction Transferred to Middle District of Alabama as to Ronnie Lee Eslinger Transmitted Transfer of Jurisdiction form, |

with certified copies of indictment, judgment and docket sheet. (Barhome, Sydelle) (Entered: 10/27/2006)

A TRUE COPY
ATTEST
DATED ........................ 20..
ROBERT C. HEINEMANN
................................. CLERK
BY ...................................
DEPUTY CLERK

AO 245B    (Rev. 12/03) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | CASE NUMBER:  2000CR434 -11 |
| vs. | |
| **RONNIE LEE ESLINGER** | |
| | Defendant's Attorney:  Lou Freeman |

THE DEFENDANT:

☒ _____ pleaded guilty to count(s)  **TWO of a TWO COUNT INDICTMENT**
☐ _____ pleaded nolo contendere to count(s) ⎤ which was accepted by the court.
☐ _____ was found guilty on count(s) ⎤ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| **18 USC 1956 (a)(1)(B) and 1956 (h)** | **CONSPIRACY TO COMMIT MONEY LAUNDERING, a Class C Felony** | | TWO (2) |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐The defendant has been found not guilty on count(s)
☒After all appeals are exhausted count(s) ONE  (is)(are) dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **April  22, 2005**

_____/s/_____
**THOMAS C. PLATT**
**UNITED STATES DISTRICT JUDGE**

DATE:  __April 25, 2005_____

A TRUE COPY ATTEST

DATED: _____

**ROBERT C. HEINEMANN**
CLERK

BY: _____
DEPUTY CLERK _____

A TRUE COPY
ATTEST
                    20 : 6
iC/27  ...NEMANN
                    Cl ...
...........DEPUTY CLERK

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 2 — Imprisonment

| | | |
|---|---|---|
| Defendant: | RONNIE LEE ESLINGER | Judgment - Page 2  of 5 |
| Case No.: | 2000CR434 -11 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE (1) YEAR and ONE (1) DAY, with credit for time served.**

☒　　　The court makes the following recommendations to the Bureau of Prisons:
**A designation to a facility near the defendant's family in Alabama.**

☐　　　The defendant is remanded to the custody of the United States Marshal.

☐　　　The defendant shall surrender to the United States Marshal for this district.

　　　　☐　　　at ___ a.m./p.m. on ___ .

　　　　☐　　　as notified by the United States Marshal.

☒　　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

　　　　☐　　　before 2 p.m. on __June 21, 2005__ .  If the defendant is not designated within the given time frame he/she should surrender to the Marshals office in Brooklyn. If the defendant has not already done so at the time of sentence he/she should communicate with the Marshals office to obtain information regarding the procedures for voluntary surrender.

　　　　☐　　　as notified by the United States Marshal.

　　　　☐　　　as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
　　　　　　　　Deputy Marshal

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
Supervised Release

| | |
|---|---|
| Defendant:     RONNIE LEE ESLINGER | Judgment - Page  3   of  5 |
| Case No.:       2000CR434 -11 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use and possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐     The above drug testing condition is suspended based on the court' s determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☐     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.
## STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)      the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case Supervised Release – Additional conditions

| | |
|---|---|
| Defendant:     RONNIE LEE ESLINGER | Judgment - Page 4   of 5 |
| Case No.:     2000CR434 -11 | |

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

☐    The defendant shall participate in the Home Detention program for a period of ___.  During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer.  Defendant will be subject to the standard conditions of Home Detention adopted for use in the Eastern District of New York, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer.  Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

☒    **The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.**

☐    The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

☐    Pursuant to Title 18, United States Code, Section 3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate.  Should deportation be ordered, the defendant is to remain outside the United States.

☐    The defendant shall make restitution to  .  Restitution to be paid at a rate of   of net/gross income not to exceed $ during Supervised Release period.

☐_____The defendant shall make full financial disclosure as directed by the Probation  Department.

☐_____The defendant shall cooperate with IRS and pay all tax liabilities.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case- Criminal Monetary Penalties

| Defendant: | RONNIE LEE ESLINGER | Judgment - Page 5 of 5 |
| Case No.: | 2000CR434 -11 | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $ |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $.

### RESTITUTION

☐    The determination of restitution is deferred until ___.  An Amended Judgment in a Criminal Case will be entered after such a determination.  The U.S. Attorneys Office is directed to provide the necessary information to the court.

☐    The defendant shall make restitution to the following victims in the amounts listed below:

☐    Restitution is ordered jointly and severally with:

or

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

☐    Restitution amount ordered pursuant to plea    _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐    the interest requirement is waived for        fine        restitution.

☐    the interest requirement for        fine        restitution is modified as follows:

GAS:JRC:ld
F.#1998R00400
GCIND00124

FILED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ MAY 2 2000 ★

PLATT, J.

POHORELSKY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ENTERED
★ 5/1/06 ___ ★

- - - - - - - - - - - - - - - -X

CR 00 434

UNITED STATES OF AMERICA

- against -

STEPHEN MORAN,
DANIEL LOAIZA,
RUSSELL BRIANTE,
ANTHONY PAONE,
CHARLES WOOD,
ELIZABETH FIERO,
ANTHONY DEL VECCHIO,
ELIZABETH PUENTE,
KAREN HERON,
MICHAEL KALINYAK,
RONNIE LEE ESLINGER,
ANDRUS PEARSON and
GERARDO VISCARRA,

              Defendants.

I N D I C T M E N T

Cr. No _____
(T. 21, U.S.C., §§ 846,
841(b)(1)(A)(vii) and 853;
T. 18, U.S.C., §§ 982,
1956(a)(1)(B)(i), 1956(h)
and 3551 et seq.)

- - - - - - - - - - - - - - - - - -X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Conspiracy to Distribute Marijuana)

1. On or about and between September 1, 1996 and the
date of the filing of this Indictment, both dates being
approximate and inclusive, within the Eastern District of New
York and elsewhere, the defendants STEPHEN MORAN, DANIEL LOAIZA,
RUSSELL BRIANTE, ANTHONY PAONE, CHARLES WOOD, ELIZABETH FIERO,
ANTHONY DEL VECCHIO, ELIZABETH PUENTE, KAREN HERON, MICHAEL
KALINYAK, RONNIE LEE ESLINGER, ANDRUS PEARSON and GERARDO
VISCARRA, together with others, did knowingly and intentionally
conspire to distribute and to possess with intent to distribute

2

marijuana, a Schedule I controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code.

(Title 21, United States Code, Sections 846 and 841 (b)(1)(A)(vii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
### (Money Laundering Conspiracy)

2.    On or about and between September 1, 1996 and the date of the filing of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEPHEN MORAN, DANIEL LOAIZA, RUSSELL BRIANTE, KAREN HERON, RONNIE LEE ESLINGER, ANDRUS PEARSON and GERARDO VISCARRA, together with others, did knowingly and intentionally conspire to conduct financial transactions that effected interstate commerce, involving proceeds of specified unlawful activity, to wit: United States currency constituting the proceeds of the sale and distribution of marijuana, knowing that the property involved in said financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the sale and distribution of marijuana, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(1).

(Title 18, United States Code, Sections 1956 (a)(1)(B)(1), 1956(h) and 3551 et seq.)

3

<u>FORFEITURE ALLEGATION FOR COUNT ONE</u>

3.    Pursuant to Title 21, United States Code, Section 853, upon conviction of the offense set forth in Count One of this Indictment, the defendants STEPHEN MORAN, KAREN HERON, RUSSELL BRIANTE and DANIEL LOAIZA shall forfeit to the United States the following property:

(a) All right, title and interest in any and all property, real or personal, constituting and derived from any proceeds the defendants obtained, directly and indirectly, as the result of such offense.   The property subject to forfeiture as proceeds amounts to at least $3.5 million, and includes, but is not limited to, the following property:

i)    Any and all accounts of the defendant STEPHEN MORAN, held or located at Mutual Life;

ii)   Any and all accounts of the defendant KAREN HERON, held or located at Northwestern Mutual Life;

iii)  Any and all accounts of the defendant KAREN HERON, held or located at Chase Manhattan Bank;

iv)   Any and all accounts of the defendant KAREN HERON, held or located at the Bank of New York;

v)    Any and all accounts of the defendant STEPHEN MORAN, held or located at Northwestern Mutual Life;

vi)   Any and all accounts of the defendant KAREN HERON, held or located at the Norwest Financial;

vii)  Any and all accounts of the defendant KAREN HERON, held or located at the Bank of America;

viii) Any and all accounts of the defendant STEPHEN MORAN, held or located at Chase Bank;

ix)   Any and all accounts of the defendant STEPHEN MORAN, held or located at European American Bank ("EAB");

4

x)   Any and all accounts of the defendant DANIEL
     LOAIZA, held or located at Casa Blanca Insurance
     Services; and

xi)  Any and all accounts of the defendant DANIEL
     LOAIZA, held or located at New Millennium Bank.

(b) All right, title and interest in any and all of the
defendants' property, real or personal, used and intended to be
used, in any manner and part, to commit and to facilitate the
commission of, such offense, including, but not limited to the
following property:

i)    215 North Linden Street, North Massapequa,
      New York 11758;

ii)   9979 Bordeaux Avenue, Arleta, California
      91331;

iii)  7020 Amigo Avenue, Reseda, California 91335;
      and

iv)   1509 Washington Avenue, Seaford, New York
      11783.

4.    If more than one defendant is convicted of the
offense, the defendants so convicted are jointly and severally
liable for the value of all property constituting or derived from
proceeds that the defendants obtained directly or indirectly as a
result of such offense.

5.    If, by any act or omission of any defendant, the
property described in paragraph 3, or any portion thereof:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred, sold to, or deposited with a
third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty; the defendant shall forfeit substitute property, up to the value of the property described above in subparagraphs 5(a) through (e), pursuant to Title 21, United States Code, Section 853(p).  Such substitute property includes, but is not limited to:

i)   All right, title and interest of any defendant in real property located at 178 Cottage Blvd, Hicksville, New York 11801;

ii)  All right, title and interest of any defendant in real property located at 204 Walker Street, Massapequa Park, New York 11752;

iii) All right, title and interest of any defendant in real property located at 234 West Rivieria Drive, Lindenhurst, New York 11751;

iv)  All right, title and interest of any defendant in real property located at 1539 Washington Avenue, Seaford, New York 11783; and

v)   All right, title and interest of any defendant in real property located at 1529 Washington Avenue, Seaford, New York 11783.

(Title 21, United States Code, Section 853)

FORFEITURE ALLEGATION FOR COUNT TWO

6.   Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense set forth in Count Two of this Indictment, the defendants STEPHEN MORAN, KAREN HERON, RUSSELL BRIANTE and DANIEL LOAIZA shall forfeit to the United States the following property: All right, title and interest in

6

any and all property, real or personal, involved in such offenses in violation of Title 18, United States Code, Section 1956, and any and all property traceable to such property, including, but not limited to the following:

(a) all money and other property that was the subject of each financial transaction that the defendant conducted in violation of Section 1956;

(b) all commissions, fees and other property obtained as a result of those violations; and

(c) all property used in any manner or part to commit or to facilitate the commission of those violations.
The property subject to forfeiture amounts to at least $3.5 million, including, but not limited to the specific properties listed below.

i)      Any and all accounts of the defendant STEPHEN MORAN, held or located at Mutual Life;

ii)     Any and all accounts of the defendant KAREN HERON, held or located at Northwestern Mutual Life;

iii)    Any and all accounts of the defendant KAREN HERON, held or located at Chase Manhattan Bank;

iv)     Any and all accounts of the defendant KAREN HERON, held or located at the Bank of New York;

v)      Any and all accounts of the defendant STEPHEN MORAN, held or located at Northwestern Mutual Life;

vi)     Any and all accounts of the defendant KAREN HERON, held or located at the Norwest Financial;

vii)    Any and all accounts of the defendant KAREN HERON, held or located at the Bank of America;

viii)   Any and all accounts of the defendant STEPHEN

MORAN, held or located at Chase Bank;

ix) Any and all accounts of the defendant STEPHEN MORAN, held or located at EAB;

x) Any and all accounts of the defendant DANIEL LOAIZA, held or located at Casa Blanca Insurance Services;

xi) Any and all accounts of the defendant DANIEL LOAIZA, held or located at New Millennium Bank; and

xii) All right, title and interest in any and all of the defendants' property, real and personal, used and intended to be used, in any manner and part, to commit and to facilitate the commission of, such offense, including, but not limited to the following property:

A) 215 North Linden Street, North Massapequa, New York 11758;

B) 9979 Bordeaux Avenue, Arleta, California 91331;

C) 7020 Amigo Avenue, Reseda, California 91335; and

D) 1509 Washington Avenue, Seaford, New York 11783.

7. If more than one defendant is convicted of the offense, the defendants so convicted are jointly and severally liable for the value of the all property involved in such offense.

8. If, by any act or omission of any defendant, the property described in subparagraphs 6(a) through 6(c), or any portion thereof:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred, sold to, or deposited with a

8

third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

the defendant shall forfeit substitute property, up to the value of the property described above in subparagraphs 8(a) through (e), pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b). Such substitute property includes, but is not limited to:

i)   All right, title and interest of any defendant in real property located at 178 Cottage Blvd, Hicksville, New York 11801;

ii)   All right, title and interest of any defendant in real property located at 204 Walker Street, Massapequa Park, New York 11752;

iii)   All right, title and interest of any defendant in real property located at 234 West Rivieria Drive, Lindenhurst, New York 11751;

iv)   All right, title and interest of any defendant in real property located at 1539 Washington Avenue, Seaford, New York 11783; and

9

    v)    All right, title and interest of any defendant in
real property located at 1529 Washington Avenue,
Seaford, New York 11783.


(Title 18, United States Code, Section 982)




                           A TRUE BILL


                                     FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK



ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.131

A TRUE COPY
ATTEST

DATED ............. 10/27 ....... 20.06
ROBERT C. HEINEMANN
                              CLERK

BY .............................
                  DEPUTY CLERK